UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**ROWANOAK DEVELOPMENT, LLC**          **CIVIL ACTION NO.**_____

**VERSUS**                             **JUDGE**

**CITY OF NATCHITOCHES, LOUISIANA**    **MAGISTRIATE JUDGE**

**COMPLAINT**

The Complaint of ROWANOAK DEVELOPMENT, LLC ("Rowanoak Development"), respectfully represents:

**PARTIES, JURISDICTION & VENUE**

1. Made Defendant herein is the City of Natchitoches, Louisiana, a political subdivision of the State of Louisiana (the "City").

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C 1331 because this action arises under the Constitution and laws of the United States.

3. This Court has general personal jurisdiction over the City because it is domiciled in this District. This Court also has specific personal jurisdiction over the City because and this action arises from the City's acts and omissions that occurred and caused harm to Rowanoak Development in this District.

4. Venue is proper in this Division of this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in Natchitoches Parish, Louisiana, which is located in the Western District of Louisiana, Alexandria Division.

1

## FACTUAL ALLEGATIONS

5. Rowanoak Development is the developer of a proposed single-family residential housing subdivision known as Glendale Subdivision (the "Glendale Development"), to be constructed on approximately 12 acres of undeveloped land located on St. Maurice Road near School Road in Natchitoches, Natchitoches Parish, Louisiana (the "Property").

6. The subject Property is zoned "R-1" for "Residence Districts-One Family," and, thus, its use as a residential subdivision is a use by right under the City's zoning ordinances.

7. Rowanoak Development's plan for Glendale Development is as a residential subdivision to consist of thirty-seven (37) lots, including (36) single family homes and an accessory use neighborhood community center.

8. Developments such as the Glendale Development are subject to approval by the Natchitoches Planning and Zoning Commission (the "Commission") according to the procedures and requirements set forth in the Subdivision Regulations, codified in Ordinance 1102, Appendix A of the City's Code of Ordinances (the "Subdivision Regulations").

9. Consistent with the Subdivision Regulations, Rowanoak Development retained the services of Randal Smoak, P.E., of Cothren Graff Smoak Engineering, Inc. to prepare the plans and designs for the Glendale Development. Mr. Smoak is an engineer, licensed in the State of Louisiana, and approved by the City.

10. On or about March 12, 2021, Rowanoak Development submitted a Development Review Application to the City's Planning and Zoning Department. Rowanoak Development's submission included a conceptual subdivision plat for the Glendale Development (hereinafter, the "Conceptual Plat").

11. The Conceptual Plat was submitted in substantial compliance with the City's Subdivision Regulations and was consistent with the R-1 zoning classification of the Property. No waiver, variance, or re-zoning was necessary, nor sought by Rowanoak Development.

12. On April 6, 2021, the Commission held a public hearing to consider the Conceptual Plat. At that meeting, Rowanoak Development, through engineer Randal Smoak, informed the Commission that the lot sizes in future versions of plats for the Glendale Development would be slightly larger than noted in the Conceptual Plat (even through the lot sizes as then-shown in the Conceptual Plat already complied with the City's Subdivision Regulations). In response, the Commission Chairman, Charles Whitehead, III ("Commission Chairman Whitehead"), stated that the Conceptual Plat was already compliant with the City's Subdivision Regulations and that future plats showing larger lot sizes would be even more compliant with the City's Subdivision Regulations.

13. Following submission of the Conceptual Plat, Rowanoak Development additionally conferred with Commission Chairman Whitehead, City Planning and Zoning Department Director Shontrell Roque ("Department Director Roque"), as well as other City agencies—both in public hearings and otherwise—several times through the Spring of 2021. Rowanoak Development worked in good faith to accommodate suggestions made by the City planning agencies in connection with the Glendale Development. In the spirit of cooperation, Rowanoak Development made concessions on several aspects of the Glendale Development designs, including on items that are not required under the City's Subdivision Regulations.

14. The Conceptual Plat and other designs for the Glendale Development were reconfigured to include the larger lot dimensions. Subsequently, Rowanoak Development submitted the Conceptual Plat to, and received approval from, the City's Water, Sewer, Fire, Public

Works, and Electrical Departments. Rowanoak Development's drainage calculations were reviewed and approved by the City's Engineer. Rowanoak Development's drainage plan was approved by Natchitoches Parish and the Natchitoches Levee Board.

15. On July 14, 2021, Rowanoak Development submitted a revised Development Review Application to the City's Planning and Zoning Department. Rowanoak Development's submission included a preliminary subdivision site plan (the "<u>Preliminary Plat</u>"). The Preliminary Plat was the same plan that had been previously approved by all relevant City department heads, Commission Chairman Whitehead and Department Director Roque. Rowanoak Development's July 14, 2021 submission also included a proposed drainage map, stormwater detention calculation sheet, and storm water drainage calculation—all of which met or exceeded the City's Subdivision Regulations' requirements.

16. Pursuant to Section X(3) of the Subdivision Regulations, the Commission is administratively charged to confirm the Preliminary Plat for compliance with the geometric standards (in Section IV of the Subdivision Regulations) and preliminary plat requirements (in Section XI of the Subdivision Regulations). Once approved, the Commission is administratively charged to grant preliminary approval of the subdivision plat.

17. On August 10, 2021, Rowanoak Development appeared before the Commission at a specially-called public hearing. At that time, it was unclear whether Rowanoak Development was before the Commission for "preliminary" or "final" approval of its plats for the Glendale Development. This confusion was caused by inconsistent statements made by the Commission and Department. Further, the lack of clarity also was exacerbated by the Commission because of the Commission's deviations from the Procedures set forth in the Subdivision Regulations.

18. The official agenda for the Commission's August 10, 2021 hearing states that the Commission was to take up Rowanoak Development's "Application" to subdivide the property to develop the Glendale Development.

19. During the August 10, 2021 public hearing, Department Director Roque stated on the record that "everything that has been presented [by Rowanoak Development] is in compliance with the Subdivision [] Regulations of the City of Natchitoches." Representative(s) of the Commission and/or Planning and Zoning Department further confirmed that Rowanoak Development's Preliminary Plat and associated submissions were in compliance with the geometric standards (in Section IV of the Subdivision Regulations) and preliminary plat requirements (in Section XI of the Subdivision Regulations).

20. Nevertheless, and despite the fact that Rowanoak Development's Preliminary Plat met or exceeded all requirements of the City's Subdivision Regulations and all other applicable laws and ordinances, the Commission voted to deny Rowanoak Development's "Application" to subdivide the Property.

21. Upon information and belief, the Commission denied Rowanoak Development's "Application" because of the opposition voiced by local landowners who want the Property to remain undeveloped and/or based on unsubstantiated "concerns" that are not supported by data and which are, in any event, not proper grounds for denial of preliminary plat approval under the City's Subdivision Regulations.

22. Rowanoak Development timely appealed the Commission's denial to the Natchitoches City Council on August 16, 2021.

23. On September 13, 2021, the Natchitoches City Council denied Rowanoak Development's appeal by a vote of 3-2, thereby affirming the Commission's decision.

24. The denial of Rowanoak Development's proposed development of the Property, a use by right under the City's zoning ordinances, indicates the City's intent to illegally impede the Rowanoak Development's right to use of the land for legitimate purposes, which is specifically authorized under the City's zoning ordinances and Subdivision Regulations.

25. Petitioner has properly completed the process for obtaining approval of its Preliminary Plat under the City's Subdivision Regulations.

26. Though it remains unclear precisely what the Commission voted on during its August 10, 2021 meeting, the effect of its "no" vote was to deny or, at the very least, withhold approval of Petitioner's Preliminary Plat.

27. To date, the Commission has not formally approved Petitioner's Preliminary Plat, nor has the Commission returned to Petitioner an approved copy of the Preliminary Plat.

## COUNT I: INVERSE CONDEMNATION

28. The City is a "person" for purposes of 42 U.S.C. § 1983.

29. The provisions of the Fifth Amendment of the United States Constitution, made applicable to the states via the Fourteenth Amendment of the United States Constitution, protects landowners from the "taking" of property without "just compensation." *See generally Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992).

30. The City's rejection of the Preliminary Plat constitutes a justiciable final decision with respect to Rowanoak Development because Rowanoak Development has experienced irreversible and substantial economic harm and a measurable interference with investment-backed expectations.

31. The City's rejection was based on their bowing to the desire of the neighboring public, as urged by the neighboring landowners, without payment to Rowanoak Development of adequate compensation.

32. The City's denial of the Preliminary Plat has had a significant economic impact on Rowanoak Development and extensively interfered with Rowanoak Development's distinct investment-backed expectations with respect to the Property, constituting an unconstitutional taking under the Fifth Amendment of the United States Constitution.

33. The City is liable to Rowanoak Development for an amount of money sufficient to compensate Rowanoak Development for:

   A. The loss of value of the Property as a result of the failure to grant Preliminary Plat approval;

   B. Lost profits as a result of the failure to grant Preliminary Plat approval; and

   C. The cost of all plans, drainage and engineering studies and legal fees incurred by the Rowanoak Development in their plans to develop the Property but rendered useless by the failure of the Commission to issue Preliminary Plat approval together with all other damage to be proven at the trial on the merits.

## COUNT 2: SUBSTANTIVE DUE PROCESS

34. Pursuant to the Subdivision Regulations, the City had no discretion in deciding whether to grant approval of the Preliminary Plat. The Subdivision Regulations are mandatory and clearly provide that the Commission "will" grant approval of preliminary plats that comply with the ordinance.

35. The City's denial of the Preliminary Plat exceeds the scope of its decision-making capacity and violates Rowanoak Development's right to substantive due process under the Fifth

and Fourteenth Amendment of the United States Constitution for the following reasons. *See generally Stop the Beach Renourishment, Inc. v. Florida Dept of Environmental Protection,* 2010 WL 2400086 (U.S. 2010).

36. Rowanoak Development has a vested interest and a protected property right in the beneficial economic use of the Property.

37. The City's reasons for denying the Glendale Development were arbitrary and capricious and an unreasonable exercise of their police power and therefore invalid.

38. The City's rejection of the Preliminary Plat on grounds of public outcry was outside their scope of authority under the Subdivision Regulations and Louisiana Revised Statute 33:101 *et seq.,* and therefore constituted arbitrary and capricious behavior resulting in a "taking" of Rowanoak Development's property without due process of law.

39. The City's rejection of the Preliminary Plat bears no relationship to any legitimate governmental purpose.

40. As a result of City's arbitrary and capricious exercise of their police powers, Rowanoak Development's practical economic uses of the Property have been eliminated. Furthermore, the City's actions have substantially interfered with Plaintiff's investment-backed expectations.

41. Accordingly, the City is liable to Rowanoak Development for an amount of money sufficient to compensation Rowanoak Development for:

A. The loss of value of the Property as a result of the failure to grant Preliminary Plat approval;

B. Lost profits as a result of the failure to grant Preliminary Plat approval; and

C. The cost of all plans, drainage and engineering studies and legal fees incurred by Rowanoak Development in their plan to develop the Property but rendered useless by the failure of the Planning Commission to issue Preliminary Plat approval together with all other damages to be proven at trial on the merits.

## COUNT 3: PROCEDURAL DUE PROCESS

42. The City is a "person" pursuant to 42 U.S.C. § 1983.

43. Rowanoak Development has a vested interest and a protected property right in the beneficial economic use of the Property.

44. The City's denial of the Preliminary Plat implicates protected property interests and therefore triggers procedural due process protections provided under the Fifth and Fourteenth Amendments of the United States Constitution.

45. Rowanoak Development has been denied procedural due process because the procedure for approving Preliminary Plats was not properly followed in this case. The Preliminary Plat met all requirements of the Subdivision Regulations and no waivers were requested, yet it was rejected for reasons outside the proper and legally authorized procedural framework and for reasons other than those permitted under the promulgated statutes, ordinances, and the state and federal constitution.

46. Rowanoak Development is entitled to have the Preliminary Plat approved since it meets or exceeds all requirements of the Subdivision Regulations. The City denied the Preliminary Plat for improper reasons and without any finding that the Preliminary Plat violated, was inconsistent with, or contrary to the purposes and provisions of the Subdivision Regulations. Thus, Rowanoak Development has been denied a fair hearing by an unbiased and impartial public body. Rowanoak Development is entitled to have the Preliminary Plat considered by a public body that

will apply the objective criterion and standards for subdivision approval according to the stated purposes and provisions of the Subdivision Regulations and in accordance with the criterion set forth for the development of property in this area.

47. The City's rejection of the proposed Preliminary Plat – despite the fact that is complies with every ordinance applicable thereto – evidences the Planning Commission's intent to act contrary to federal and state law by rejecting the plan based on reasons other than those deemed legitimate under the law.

48. Rowanoak Development was denied a fair and unbiased tribunal in which to present its Preliminary Plat for the Glendale Development in violation of Rowanoak Development's constitutional due process guarantees.

## **REQUEST FOR RELIEF**

WHEREFORE, Rowanoak Development respectfully requests that, after due proceedings are had, this Court:

1. Render Judgment in favor of Rowanoak Development and against the City, awarding Rowanoak Development all damages to which it is entitled, including attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and interest on all amounts awarded at the maximum allowable rate;

2. Award to Rowanoak Development all other necessary and appropriate relief warranted under the circumstances.

Respectfully submitted,


**WIENER, WEISS & MADISON APC**
A Professional Corporation


By:   */s/Reid A. Jones*_____
      John M. Madison, Jr. #8836
      Geoffrey D. Westmoreland #24249
      Reid A. Jones #34611
      330 Marshall Street, Suite 1000
      P. O. Box 21990
      Shreveport, Louisiana 71120-1990
      Telephone:  (318) 226-9100
      Facsimile:   (318) 424-5128
      Email: jmmadison@wwmlaw.com
      Email: gwest@wwmlaw.com
      Email: rjones@wwmlaw.com


**ATTORNEYS FOR PLAINTIFF,
ROWANOAK DEVELOPMENT, LLC**